UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARYA ARTSIUSHENKA,

Petitioner,

v.

CHRISTOPHER LaROSE; PATRICK DIVVER; TODD LYONS; MARKWAYNE MULLIN; ACTING ATTORNEY GENERAL OF THE UNITED STATES; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

Case No.: 3:26-cv-5671-JES-GC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner Darya Artsiushenka's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents filed a return to the petition. ECF No. 4.

Petitioner is a native of Belarus who came to the United States on July 14, 2022. ECF No. 1 ¶ 20. She was paroled into the United States at that time on a form of humanitarian parole, noted by her class of admission as "DT."[1] *Id*. From that date through

[1] Customs and Borders Protection ("CBP") uses the code "DT" to indicate that the noncitizen was paroled into the United States through humanitarian parole under 8 § 1182(d)(5). *See*

September 15, 2026, she alleges that she remained at liberty within the United States, while she and her husband settled in North Carolina and filed for asylum. *Id.* ¶ 22. She obtained employment and built her life in her community while pursuing her asylum claim, attending all immigration hearings and ICE check-ins. *Id.* ¶¶ 23-24. On September 15, 2026, Petitioner was detained at her scheduled ICE check-in in North Carolina, and was later transferred to Otay Mesa Detention Center, where she is currently held. *Id.* ¶¶ 25-27, 30. Petitioner alleges that she was never provided with any notice or opportunity to be heard before her detention, and that no changed circumstance exists that would justify revocation of her prior release. *Id.* ¶¶ 28-29.

In their return, Respondents acknowledge that Petitioner had previously been released on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5). ECF No. 4 at 2. Respondents further state that they do not oppose the petition and "defer to the Court as to the appropriate relief." *Id.* at 3.

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner states that she was previously released by the government in July 2023. Many courts, including this one, have repeatedly held that a prior grant of release, including humanitarian parole, raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Mohammadi v. Larose*, No. 3:25-CV-3450-JES-BJW, 2025 WL 3731737, at *3 (S.D. Cal. Dec. 26, 2025); *Isoev v. Larose*, No. 26-CV-1361-JES-DDL, 2026 WL 776308 (S.D. Cal. Mar. 19, 2026). Accordingly, the Court adopts its prior reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of her prior release that existed at the time she was re-detained.

//

---

https://www.cbp.gov/sites/default/files/assets/documents/2024-Jan/Humanitarian%20Parole%20Part%201.pdf (last visited October 6, 2026).

The Parties are **ORDERED** to file a Joint Status Report by **October 14, 2026**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 8, 2026

Honorable James E. Simmons Jr.
United States District Judge